```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

MIGUEL PAGAN,

                Plaintiff,

                                                **Hon. Hugh B. Scott**

                v.

                                                12CV800

                                                **Order**

CITY OF ROCHESTER,
   ROCHESTER POLICE DEPARTMENT, et al.,

                Defendants.

      Before the Court is plaintiff's motion for transportation to and from Buffalo to prosecute this case as a plaintiff residing in Rochester proceeding pro se and in forma pauperis (Docket No. 20). Plaintiff was granted in forma pauperis status under 28 U.S.C. § 1915(a) on August 30, 2012 (Docket No. 3), but his later motion for appointment of counsel (Docket No. 13) was denied without prejudice (Docket No. 14).

      Granting in forma pauperis status means that this Court will not charge service fees upon plaintiff (see Docket No. 3, Order at 3). Section 1915(c) allows an in forma pauperis party to have the Court direct the United States to pay certain court-related expenses (such as printing the record on appeal, preparing transcripts) and § 1915(d) has officers of the Court serve process and compels witness attendance, cf. e.g., Malik v. Lavalley, 994 F.2d 90 (2d Cir. 1993) (per curiam) (court is not authorized to waive or pay witness fees on behalf of in forma pauperis litigants); McKenzie v. Nelson Coleman Corr. Ctr., Civil Action No. 11-0268 Section "H"(4), 2012 U.S. Dist. LEXIS 124246, at *8-9 (E.D. La. Aug. 31, 2012) (Roby, Mag. J.) (neither 28 U.S.C. § 1915 nor Fed. R. Civ. P. 35 authorize courts to pay for indigent party's tests or examination by private

physicians, citing cases). The Second Circuit in Malik noted that "the Supreme Court has written in the context of indigent litigants that 'the expenditure of public funds is proper only when authorized by Congress,'" Malik, supra, 994 F.2d at 90 (quoting United States v. MacCollom, 426 U.S. 317, 321 (1976)). In forma pauperis relief, however, does not include providing transportation to the in forma pauperis party. See also Reynolds v. Foree, 771 F.2d 1179, 1180-81 (8th Cir. 1985) (per curiam), where the United States District Court for the District of Nebraska dismissed a pro se action by an inmate in California without prejudice when the plaintiff could not appear in Nebraska for trial and failed to appear at a pretrial conference, stating that the court did not have funds to pay to transport the indigent civil rights plaintiff for pretrial proceedings or trial. The United States Court of Appeals for the Eighth Circuit reversed this dismissal and the denial of appointment of counsel, id. at 1181.

Furthermore, according to the docket in this case, there is no proceeding for plaintiff to appear to travel to Buffalo until May 7, 2013, for a status conference (Docket No. 9). If necessary, other arrangements can be made (including allowing plaintiff to appear by telephone from Rochester) to avoid plaintiff's travel for that conference, see also Blakely v. Quinn, No. CV-07-316-RHW, 2008 U.S. Dist. LEXIS 120530, at *3-4 (E.D. Wash. May 22, 2008) (court denied petitioner's motion for temporary removal and transport for a hearing of a summary judgment motion in a habeas petition where motion was considered without oral argument and did not include issues that required petitioner's presence).

But construing this pro se motion liberally and recognizing that all the parties in this action are in Rochester, this Court now construes plaintiff's motion as one seeking to transfer the venue of this case to Rochester, see 28 U.S.C. § 1404(a) (for convenience of parties and

witnesses and in interest of justice, a District Court may transfer any action to another division where it might have been brought or where the parties consent); W.D.N.Y. Loc. Civ. R. 5.1(c) (Court may transfer cases from within District sua sponte); see also Big Score Entertainment, LLC v. Chriswell, No. 3:10-CV-1993(CSH), 2012 U.S. Dist. LEXIS 179093 (D. Conn. Dec. 19, 2012) (granting pro se defendant's motion to transfer). The Court also notes that this case was assigned to Buffalo pursuant to random assignment under this Court's Standing Order No. 49, of Oct. 1, 1996, para. C(2), (3), for direct assignment of pro se cases, see also W.D.N.Y. Local Civil Rule 5.2(e).

Plaintiff and defendants are given until **March 4, 2013**, to respond to the conversion of plaintiff's motion (Docket No. 20) into a motion to transfer to Rochester, and this Court then will deem the matter submitted.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
February 26, 2013