UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MIGUEL PAGAN,

                Plaintiff,

                                                                               **Hon. Hugh B. Scott**

                v.

                                                                                12CV800

                                                                                **Order**

CITY OF ROCHESTER,
ROCHESTER POLICE DEPARTMENT, et al.,

                Defendants.

      Before the Court is plaintiff's second motion (Docket No. 22; see also Docket Nos. 20 (motion), 21 (Order)) for transportation to and from Buffalo to prosecute this case as plaintiff lives in Rochester, and is proceeding pro se and in forma pauperis (see Docket No. 3). Plaintiff also here renews his motion for appointment of counsel (Docket No. 22; see also Docket Nos. 13 (motion), 14 (Order denying motion)). Alternatively, plaintiff here moves to transfer this case to Rochester (Docket No. 22) as proposed in the Order denying plaintiff's first motion for transportation (Docket No. 21, Order at 2-3). Plaintiff and defendants were given until March 4, 2013, to respond to the conversion of plaintiff's motion for transportation (Docket No. 20) into a motion to transfer to Rochester, and this Court then deemed the matter submitted (Docket No. 21, Order at 3).

*Motion for Transportation*

      As for plaintiff's renewed motion for transportation from Rochester to Buffalo to prosecute this case (Docket No. 22), that motion is **denied**. In forma pauperis relief does not

include providing transportation to the in forma pauperis party.  See also Reynolds v. Foree, 771 F.2d 1179, 1180-81 (8th Cir. 1985) (per curiam), where the United States District Court for the District of Nebraska dismissed a pro se action by an inmate in California without prejudice when the plaintiff could not appear in Nebraska for trial and failed to appear at a pretrial conference, stating that the court did not have funds to pay to transport the indigent civil rights plaintiff for pretrial proceedings or trial.  The United States Court of Appeals for the Eighth Circuit reversed this dismissal and the denial of appointment of counsel, id. at 1181.  See also Blakely v. Quinn, No. CV-07-316-RHW, 2008 U.S. Dist. LEXIS 120530, at *3-4 (E.D. Wash. May 22, 2008), where that court denied a habeas corpus petitioner's motion for temporary removal and transport for a hearing of a summary judgment motion in a habeas petition where that motion was considered without oral argument and did not include issues that required petitioner's presence.

     Plaintiff now argues that these cases are distinguishable because they involve inmate plaintiffs seeking transport (Docket No. 22, Pl. 2d Request at 2).  But there is no authority generally for this Court to provide transportation to one party to prosecute their action in a distant venue, regardless of who that party might be (inmate or not).  Plaintiff's poverty alone does not justify granting his motion for transportation to and from Buffalo.  Again and as previously noted (Docket No. 21, Order at 2), according to the docket in this case, there is no scheduled proceeding requiring plaintiff to appear in Buffalo until May 7, 2013, for a status conference (Docket No. 9), which (if necessary) could be conducted by telephone.  From plaintiff's latest motion that he lacks a landline telephone (Docket No. 22, Pl. 2d Response at 2) even a telephone conference may require some extended arrangements to get plaintiff to a telephone.

Nevertheless, plaintiff's second motion for transportation for this action (Docket No. 22) is **denied**.

*Plaintiff's Motion to Transfer Action to Rochester*

Plaintiff alternatively moves to transfer this case to Rochester (id.). This action may be transferred to Rochester for convenience of parties and witnesses and in interest of justice, see 28 U.S.C. § 1404(a); see W.D.N.Y. Loc. Civ. R. 5.1(c) (Court may transfer cases from within District sua sponte); see also Big Score Entertainment, LLC v. Chriswell, No. 3:10-CV-1993(CSH), 2012 U.S. Dist. LEXIS 179093 (D. Conn. Dec. 19, 2012) (granting pro se defendant's motion to transfer). This Court suggested transfer in its Order denying plaintiff's first motion for transportation (Docket No. 21, Order at 2-3). The parties were given until March 4, 2013, to respond to the change of plaintiff's motion and to state their position on the transfer of this action (id. at 3). Plaintiff dated the present motion March 8, 2013 (Docket No. 22), and this Court deems this motion responsive to the Order. Defendant has not responded; thus, the basis for transfer upon the consent of the parties, see 28 U.S.C. § 1404(a), is not available.

The venue for an action within this district is not a dispositive motion, hence this Court can decide it on an Order, see Tenen v. Winter, 15 F. Supp. 2d 270, 272-73 (W.D.N.Y. 1998) (Siragusa, J.); Plastic Suppliers, Inc. v. Cenveo, Inc., No. 3:10-cv-0512, 2011 U.S. Dist. LEXIS 5186, at *6 n.6 (N.D.N.Y. Jan. 20, 2011) (Peebles, Mag. J.) (citing cases); Madison v. Alves, No. 05cv6018, 2006 U.S. Dist. LEXIS 49620, at *5 (W.D.N.Y. July 19, 2006) (Siragusa, J.) (holding in pro se action where plaintiff sought action transferred to Southern District of New York, motion for change of venue is non-dispositive); Alabi-Isama v. St. Vincent Catholic Med.

3

Ctrs., No. 07-cv-02107, 2008 U.S. Dist. LEXIS 77851, at *2 (E.D.N.Y. Sept. 10, 2008) (in pro se action, district judge reviewing motion for change of venue as a non-dispositive motion); see also Riddick v. DEA, No. 10-cv-0036, 2010 U.S. Dist. LEXIS 3652, at *7 (E.D.N.Y. Jan. 19, 2010) (Reyes, Mag. J.) (noting in pro se action the Individual Rules Practice of Magistrate Judge Reyes to have non-dispositive motions, including to transfer venue, heard by Magistrate Judge).  Unlike a motion to change venue to move case to another district, cf. Sayles v. Pacific Eng'rs & Constructors, Ltd., No. 08CV676, 2009 U.S. Dist. LEXIS 124819, at *6-7 (W.D.N.Y. Jan. 16, 2009) (Scott, Mag. J.) (Report & Recommendation, deeming change of venue to be dispositive after Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[1], transfer within a district does not rob the Court of jurisdiction over the matter, hence this decision is non-dispositive and can be made by Order in this Court.

The Court notes that this case was assigned to Buffalo pursuant to random assignment under this Court's Standing Order No. 49, of Oct. 1, 1996, para. C(2), (3), for direct assignment of pro se cases, see also W.D.N.Y. Local Civil Rule 5.2(e).  Given plaintiff's circumstances, the fact that all parties and probably all witnesses are located in Rochester, the incident at issue occurred there, discovery issues raised to this Court involve a witness in Rochester, and the hardship to plaintiff of continuing this action in Buffalo, plaintiff's motion to transfer (Docket No. 22) is **granted**.  The Court Clerk is asked to transfer this action to Rochester and reassign it to a Rochester-based judge.

---

[1] Holding that the statutory listing in 28 U.S.C. § 636(b)(1) of dispositive matters was not exhaustive.

*Plaintiff's Renewed Motion for Appointment of Counsel*

Finally, plaintiff renews his motion for appointment of counsel (Docket No. 22), arguing that Bank of America was disregarding plaintiff's discovery requests and he claims he is losing witnesses because he is representing himself (<u>id.</u>, Pl. Appointment of Counsel Motion, at 2-5). Given the transfer just ordered, plaintiff's motion for counsel is best considered by the judge in Rochester who will get this case. A judge there could identify an available, willing Rochester-area attorney who might take on this case <u>pro bono</u>. Thus, ruling on this motion is **deferred** for consideration by the new judge.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
March 20, 2013